WHITTAKER *v.* LOUISVILLE & N. R. Co.

(*Knoxville.*   September Term, 1915.)

1. **JUSTICES OF THE PEACE.** Pleading.   Warrant.   Sufficiency.

In a suit against a railroad for personal injury on or near its tracks, begun before a justice of the peace, the warrant must sufficiently advise the defendant of the nature of the suit. (*Post, pp.* 578, 579.)

2. **RAILROADS.** Accident at crossing.   Signals.

Under Shannon's Code, sec. 1574, subsecs. 1, 2, requiring the overseers of public roads to place at each railroad crossing a sign marked, "Look out for the cars when you hear the whistle or bell," and providing that no engineer need blow the whistle or ring the bell unless so designated, an engineer is not required to sound the whistle or bell at a crossing not designated by such sign. (*Post, pp.* 579, 580.)

Case cited and approved: Graves v. Railroad, 126 Tenn., 149.

Code cited and construed: Sec. 1674, subsec. 2 (S.).

3. **RAILROADS.** Accident at crossing.   Pleading.   Obstruction.

A count, in an action for personal injury, under Shannon's Code, sec. 1574, subsec. 4, providing that every railroad shall keep the engineer or fireman always upon the lookout, and when any obstruction appears the whistle shall be sounded, the brakes put down, and all possible means taken to prevent an accident, is a count under the common law, unless it was further charged that the person or object on the track was struck by the train, and by the addition of such circumstance the count is brought within Shannon's Code, sec. 1575, providing that every railroad failing to observe specified precautions shall be responsible for all resulting damage to persons or property, and section 1576, providing that no railroad observing such precautions shall be responsible for injury to persons on its road, so that where the

Whittaker v. Railroad.

warrant did not charge that the train struck the plaintiff or her wagon, and it appeared that she jumped from the wagon, the action was under the common law, and there was no absolute liability for failure to take the specified precautions.   (*Post, pp.* 580-584.)

Case cited and approved: Railroad v. Crews, 118 Tenn., 52.

Cases cited and distinguished:   Holder v. R. Co., 79 Tenn., 176; Railroads v. Sadler, 91 Tenn., 508; Railroad v. Phillips, 100 Tenn., 130.

Code cited and construed:   Secs. 1574, subsecs. 2 and 4, secs. 1575, 1576 (S.).

**4. RAILROADS.   Accident at crossing.   Instruction.**

In an action for personal injury at a crossing brought under Shannon's Code, sec. 1574, subsec. 4, an instruction that it was the duty of the railroad on seeing plaintiff's wagon on or near the track, and in view of the train's speed of fifty miles an hour, to sound the whistle and endeavor to prevent an accident, was proper; but an instruction that plaintiff was entitled to recover because the engineer made no effort to stop even though no collision occurred was improper.   (*Post, p.* 584.)

**5. RAILROADS.   Accident at crossing.   Question for jury.   Contributory negligence.**

In an action for personal injury at a crossing brought under Shannon's Code, sec. 1574, subsec. 4, *held* on the evidence that it was for the jury to say whether plaintiff was negligent in jumping from the wagon instead of trusting her safety to the speed of the horses as the driver of the team did.   (*Post, pp.* 584, 585.)

---

FROM KNOX.

---

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—Von A. Huffaker, Judge.

132Tenn.37

Whittaker v. Railroad.

J. Alvin Johnson and Pickle, Turner, Kennerly & Cate, for plaintiff.

Johnson & Cox and Jas. B. Wright, for defendant.

Mr. Chief Justice Neil delivered the opinion of the Court.

This action was originally brought before a justice of the peace to recover judgment for an injury alleged to have been inflicted upon the plaintiff by the defendant. There was a judgment in favor of the plaintiff before the justice, and from this an appeal was prosecuted to the circuit court of the county. In that court there was likewise a judgment against the railroad company. An appeal was then prosecuted to the court of civil appeals, and the judgment of the circuit court was there reversed and the cause remanded for new trial. We are of the opinion that the conclusion reached by the court of civil appeals was correct, and that the judgment of that court should be affirmed.

We shall now endeavor to make clear our reasons for this conclusion.

Although the suit was begun before a justice of the peace, and, according to the practice before such officers, there was no declaration but only a warrant, yet this warrant was practically as full as the declaration in a circuit court, and necessarily so, inasmuch as under recent decisions of this court it has been held that the warrant must sufficiently advise the defendant of

the nature of the suit brought against him in the class of cases before us.

The substance of the warrant is that Mrs. Whittaker, on a certain day stated, was in a wagon driven by one Luttrell; that before the horses entered upon the track of the defendant company the team was slowed down, and both plaintiff and Luttrell looked and listened, and neither saw nor heard a train; that when the horses had gotten upon the track she saw one of defendant in error's trains coming around a curve about five hundred feet distant and running very rapidly; that she urged the driver to speed up his team, but the train was coming so fast she feared they could not clear the track in time, and therefore she ran to the front of the wagon and jumped out on the ground, falling in the midst of some slag and other rough material on the side of the track whereby she was injured.

There is a paragraph in the warrant averring that the defendant failed to sound the whistle or bell of the locomotive at the distance of one-fourth of a mile from the crossing and at short intervals till the train had passed the crossing, pursuant to subsection 2 of section 1574 of Shannon's Code, and that this was one cause of the injury. This portion of the warrant, however, is no longer insisted upon because under subsection 1 of the same section, as held in *Graves* v. *Railroad,* 126 Tenn., 149, 148 S. W., 239, there was no duty incumbent on the railroad to comply with the provision referred to, because it did not appear in the evidence that the county warning (''Look out for the cars

when you hear the whistle or bell'') had been erected at the crosing pursuant to said section 1. The section provided that no engine driver should be compelled to blow the whistle or ring the bell at any crossing unless so designated.

There was another paragraph based on subsection 4 of section 1574. This subsection reads as follows:

''Every railroad company shall keep the engineer, fireman, or some other person, upon the locomotive, always upon the lookout ahead; and when any person, animal, or other obstruction appears upon the road, the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident.''

It was held in *Railroad* v. *Crews,* 118 Tenn., 52, 62-64, 99 S. W., 368, that a count under subsection 2 was a count under the statute, but that a count under subsection 4 was a count under the common law, unless it were further charged that the injury was caused by contact with the moving train, or, in other words, unless the object on the track or road should be struck by the train. The reason given was that the provisions of subsection 2 were peculiar to the statute, while those of subsection 4 simply expressed common-law duties. That is to say, that in so far as concerned the provisions of subsection 4 the statute and the common law are concurrent, and that in order to bring a count under the statute the additional circumstance above referred to should be added. By the addition of such further matter the charge is brought within the scope

of sections 1575 and 1576 of Shannon's Code, which read as follows:

"1575.  Every railroad company that fails to observe these precautions, or cause them to be observed, by its agents and servants, shall be responsible for all damages to persons or property occasioned by, or resulting from, any accident or collision that may occur.

"1576.  No railroad company that observes, or causes to be observed, these precautions shall be responsible for any damage done to person or property on its road.  The proof that it has observed said precautions shall be upon the company."

In order to bring these sections into operation, it must appear that the obstruction or object on the road was actually struck by the moving train.  It has been hitherto deemed that this point was fully settled by the case of *Holder* v. *R. Co.,* 11 Lea (79 Tenn.), 176. It is denied, however, by counsel in the present case, that the authority referred to settled the question. We need only refer to page 179 of the book in which the case is reported, where the question is stated thus:

"The question is whether the company shall be held liable for a loss to which, although the innocent cause, it in no way contributed, and which was not occasioned by a collision with its train."

This has been repeatedly referred to as settling the question.  See *Railroads* v. *Sadler,* 7 Pickle (91 Tenn.), 508, 509, 19 S. W., 618, 30 Am. St. Rep., 896; *Railroad* v. *Phillips,* 16 Pickle (100 Tenn.), 130, 42 S. W., 925.

If there be any doubt remaining after the citation of these cases, it cannot persist in the face of the following quotation from a more recent case:

"The first error assigned is that there is no evidence to sustain the verdict.

"This must be sustained. According to the testimony which the defendant in error, himself, gave upon the trial below, he was walking down the track at a point where he could have been seen for quite a hundred yards, but he was not seen, or if. seen by the lookout upon the engine, none of the statutory precautions were complied with; the first warning he had was the glare of the headlight when the engine was almost on him; he sprang suddenly to one side, and cleared the track, but his foot slipped on the slag with which the track was ballasted; this caused him to fall backwards, and in some way his hand fell under the wheels and was severed from his arm a little ways above the wrist. He was not struck by the engine or any portion of the train; his hand and arm were simply run over in the manner stated. The company was negligent in not complying with the statutory precautions. The defendant in error was negligent in being upon the track at all, and using it as a passway at ten o'clock at night. He was especially negligent because he went upon the track at that time of night in the physical condition he then was in, that is, considerably under the influence of intoxicating drink, and defective in eyesight, and also in hearing. Moreover, it is apparent from his testimony that he was looking down at his feet as he walked

Whittaker v. Railroad.

along picking his way, and was not either looking or listening for a train..

"The statute (Sh. Code, sec. 1575) provides that any railroad company that fails to comply with the precautions laid down in the preceding sections shall be responsible for all damages to person or property 'occasioned by or resulting from any accident or collision that may occur.'

"This statutory rule has been administered by this court with great strictness, nor do we in anywise desire to depart from the policy of the law as evidenced in our previous decisions. But it has not been held in any case, that there could be a recovery where there was no collision on the track, or within the sweep of the moving train. Here, there was no collision. The defendant in error had cleared the track and, after doing so, threw his hand back under the wheels of the passing train. This was not a collision in the sense of the statute. It is true that the railway company was grossly negligent, and so was the defendant in error; but no matter how negligent the railway company is, in this class of cases, its liability is conditioned upon a collision. If there is no collision, there is no liability. If there is a collision, and the railway company fails to show that it complied with all the statutory precautions, it is liable for some damages, no matter how negligent the injured party was; such is the result of our decisions. But it could not be held, under the section of the Code referred to, that, if a trespasser upon the track of a railway company seeing the train

coming and close upon him should jump off and break his leg, the company would be liable, on the ground that it did not comply with the statutory precautions. Here there would be an absence of liability because of the absence of a collision.   But we need not further illustrate or discuss the matter, but sum up our views upon the question with the statement that on grounds of public policy the statute should be strictly enforced in all cases to which it applies, but should not be invoked, at all in cases to which it does not apply.'' *Va. & S. W. Ry. Co.* v. *James S. Richardson,* Mss., Knoxville, September term, 1904.

The warrant in the present case does not charge that the train struck the plaintiff, or even the wagon in which she had been riding.  As a matter of fact, it appeared in the evidence that after the plaintiff jumped out of the wagon it cleared the track before the train reached the crossing, but only by the space of about eighteen inches.

The case was thus not under the statute, but under the common law; notwithstanding this, however, the trial judge charged the substance of section 1575 which made a case of absolute liability on failure to comply with the precautions.  He thus, in effect, told the jury that, even though there had been no collision with the train, yet there was an absolute liability.  This was clear error, and for this the court of civil appeals rightly reversed the judgment.

As the case, however, must go back for a new trial, it is proper to say that the circuit judge committed no

error in charging the substance of subsection 4 of section 1574. It was the common-law duty of the railroad company, on seeing the wagon on the track, so near, and especially in view of the great speed at which the train was going—50 miles an hour—to do the things prescribed in that subsection. If an effort had been made to stop the train, it is very probable that the plaintiff would not have felt the necessity of jumping out of the wagon as she did, since she would have seen a better hope of escaping injury in the additional time thus allowed the wagon to clear the track. It was for the jury to say whether, under all the circumstances, she acted with reasonable prudence and caution; that is to say, whether she was reasonably justified in springing from the wagon instead of trusting her safety to the speed of the horses, as the driver did. The trial judge should not in effect, have told the jury that, even though no collision resulted, she was entitled to a verdict merely from the fact that the engine driver made no effort to stop the train.

What we have said fully disposes of the first assignment of error filed by the plaintiff in this court showing that it is not well taken.

The second assignment is immaterial.

Let the judgment of the court of civil appeals be affirmed, and the case remanded for new trial.

A copy of this opinion will go down with the *procedendo*.