# CINCINNATI, N. O. & T. P. R. Co. *v.* ROY FORD.

## (*Knoxville.* September Term, 1917.)

1. **RAILROADS. Killing dog. Contributory negligence. Statute. ''Highway.''**

   Under Thompson's Shannon's Code, section 2853a, providing that it shall be unlawful for any person to allow a dog belonging to him to go upon a highway, etc., the owner of a female dog who allowed her to go upon the track of a railroad where she was killed was guilty of contributory negligence, and could not recover her value; the railroad being a "highway." (*Post, pp.* 506-509.)

   Acts cited and construed: Acts 1901, ch. 50; Acts 1903, ch. 419; Acts 1907, ch. 32.

   Cases cited and approved: Chattanooga Railway & Light Co. v. Bettis, 202 S. W., 70; Nashville, etc., R. Co. v. Davis, 78 S. W., 1050; Citizens' Rapid Transit Co. v. Dew, 100 Tenn., 317; Fink v. Evans, 95 Tenn., 413.

   Codes cited and construed:  Secs. 2853a, 1574-1576, 2853a2 (T.-S.).

2. **ANIMALS. Dogs as property. Common law.**

   At common law, dogs were not considered property, the reason given being that they were base in their nature, and kept merely for whim and pleasure. (*Post, pp.* 509, 510.)

3. **RAILROADS. Killing dog on track. Liability. Statute.**

   Thompson's Shannon's Code, sections 1574-1576, requiring railroads to keep the engineer, fireman, or other person on their locomotives always on the lookout ahead and, when any animal appears on the tracks, to sound the alarm whistle, put down the brakes, and employ every possible means to stop the train and prevent an accident, were not intended to be applied for the protection of an unregistered female dog running at large, declared a public nuisance by section 2853a2. (*Post, p.* 510.)

FROM HAMILTON.

Appeal from the Circuit Court of Hamilton County. —NATHAN L. BACHMAN, Judge.

ALLISON, LYNCH & PHILLIPS, for plaintiff.

STANFIELD & BRIGHT, for defendant.

MR. JUSTICE GREEN delivered the opinion of the Court.

This suit was brought to recover the value of a female dog killed by a train of the plaintiff in error. There was a judgment below for $25, which was affirmed by the court of civil appeals.

The dog was at large, and had not been registered and was killed while on the track of the railroad company. There is no evidence indicating a malicious or wanton killing.

Under these circumstances, we think the lower courts were in error, and that there can be no recovery in this case.

The provisions of chapter 50 of the Acts of 1901 and chapter 419 of the Acts of 1903 are brought forward into Thompson's Shannon's Code as follows:

"It shall be unlawful for any person to allow a dog belonging to him, or under his control, or that

may be habitually found on premises occupied by him, or immediately under his control, to go upon the premises of another, or upon a highway, or upon a public road or street; provided, however, that this act shall not apply to a dog, on a hunt or chase, or on the way to or from a hunt or chase, nor to a dog guarding or driving stock or on the way for that purpose, nor to a dog being moved from one place to another by a person owning or controlling a dog, but the foregoing exemptions shall not apply unless all damages done by dogs therein exempted, to the person or property of another, shall be paid or tendered to the person so damaged, or to his agent within thirty (30) days after the damage is done." Thompson's Shannon's Code, section 2853a.

This statute was passed for the protection of persons and property upon highways, roads, and streets of the State, as well as upon the private property of others.

It is well settled that railroads are highways. 33 Cyc., 37.

In addition to the use of such highways by trains, section men, trackwalkers, and persons intending to become passengers frequently pass along railroad tracks in such a way as to be exposed to dogs that may go thereupon. The statute was designed to keep loose dogs away from such places, and was for the protection of such premises.

We have recently suggested in the case of *Chattanooga Railway & Light Co.* v. *Bettis,* 139 Tenn., 332,

202 S. W., 70, that a plaintiff, who violated a statute intended for the protection of the defendant he was suing, was guilty of contributory negligence. We think that such is the law; and, inasmuch as the statute above quoted was intended for the protection of railroads as highways of the State to keep dogs off the right of way, the plaintiff, who allowed his dog to go upon such highway unlawfully, must be held to be guilty of contributory negligence barring his recovery, if this suit be treated as one under the common law.

If the action be considered as one brought for a violation of the statutory precautions (Thompson's Shannon's Code, sections 1574-1576), requiring railroad companies to keep the engineer, fireman, or some other person upon their locomotives always upon the lookout ahead, and, when any person, animals, or other obstruction appears upon the road, to sound the alarm whistle, put down the brakes, and employ every possible means to stop the train and prevent an accident, if the suit be treated as one for breach of this statute, recovery must be denied by reason of the provisions of chapter 32 of the Acts of 1907 as follows:

"The running at large of female dogs, not registered as hereinafter provided, is hereby declared to be a public nuisance, and that all persons owning or keeping any female dog three months old or over in this State, are hereby required to report same for registration to the circuit court clerk of the county in which the female dog is kept." Thompson's Shannon's Code, section 2853a2.

The object of our statutes heretofore referred to were to prevent injuries to persons, animals, or other property on the tracks of railroad companies, and also to prevent injuries to passengers on the railroad trains by reason of collisions with such obstructions.

A collision with an ordinary dog would not menace the safety of the passengers on a train, and there is no reason to observe the statutory precautions for this reason. On a like ground it has been held unnecessary to take statutory precautions to avoid a collision with a goose. *Nashville, etc., R. Co.* v. *Davis* (Tenn.), 78 S. W., 1050.

In *Citizens' Rapid Transit Co.* v. *Dew,* 100 Tenn., 317, 45 S. W., 790, 40 L. R. A., 518, 66 Am. St. Rep., 754, this court held that a dog was property, and there might be a recovery for its negligent killing by a street railway company.

In *Fink* v. *Evans,* 95 Tenn., 413, 32 S. W., 307, the court held that the statutory precautions must be observed with reference to dogs on railroad tracks.

Both the cases just referred to, however, were decided prior to the act of 1907.

At common law dogs were not considered property, the reason given being that they were base in their nature, and kept merely for whim and pleasure. *Citizens Rapid Transit Co.* v. *Dew,* supra.

While the act of 1907 does not deny that dogs are property, yet in terms it declares that an unregistered female dog, when at large, is a public nuisance.

We cannot think that it was ever intended that the rigid requirements of sections 1574-1576 of Thompson's Shannon's Code with reference to the duties of railroad companies as to obstructions on their tracks were intended to be applied for the protection of a public nuisance.

This court has in repeated decisions declined to extend these statutory provisions for the protection of employees of the railroad companies. Certainly these outlawed dogs cannot be included as beneficiaries of such statutes.

The judgments of the lower courts will be reversed, and this suit dismissed.