SOUTHERN RY. CO. *v.* JOHN W. SIMPSON.

SAME *v.* JAMES HARLAN.

(*Knoxville.* September Term, 1923.)

RAILROADS. Statute requiring warnings held not to apply to automobile running into side of train at crossing.

Thompson-Shannon Code, section 1574, subsec. 3, requiring trains to sound warnings on entering or leaving an incorporated city or town does not apply to case of an automobile running into side of train at crossing, so as to enable occupants to recover for nonobservance of statute, in view of Acts 1917, chapter 36, requiring automobiles to come to full-stop before passing over railroad crossing.

Acts cited and construed: Acts 1917, ch. 36.

Cases cited and approved: Whittaker v. Railroad, 132 Tenn., 576; Graves v. Railroad, 126 Tenn., 148; Railroad v. Pugh, 95 Tenn., 419; Louisville, etc., R. Co. v. Martin, 113 Tenn., 266; King v. Tenn. Central R. Co., 129 Tenn., 64; Nashville, etc., R. Co. v. Davis, 78 S. W., 1050; Cincinnati, etc., R. Co. v. Ford, 139 Tenn., 291.

Codes cited and construed: Sec. 1574, subsec. 3, 4.

---

FROM LOUDON.

---

Appeal from the Circuit Court of Loudon County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. S. C. BROWN, Judge.

L. D. SMITH, ROSCOE WORD, J. J. BLAIR and J. A. SU-SONG, for plaintiffs.

S. P. DANNEL, T. W. PEACE, E. E. WATKINS and C. E. WAGONER, for respondents. ·

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

These are two damage suits growing out of a collision between a train of the plaintiff in error and an automobile occupied by Henry B. Simpson and James Harlan. The former was killed; the latter injured. John W. Simpson qualified as administrator of Henry B. Simpson, and brought suit to recover damages for Henry B. Simpson's death. James Harlan, a minor, brought suit by his next friend for injuries that he sustained. The two cases were tried together, and there was a judgment for the plaintiff below in each case. From these judgments the railway company appealed to the court of civil appeals, and that court reversed the cases for error in the charge. The cases have been brought to this court on petition for *certiorari.*

The accident occurred in the incorporated town of Sweet-water. Recovery is sought because of the alleged failure of the railway company to observe the precautions required by subsection 3 of section 1574, Thompson's-Shannon's Code, as follows:

"On approaching a city or town, the bell or whistle shall be sounded when the train is at the distance of one mile, and at short intervals till it reaches its depot or station; and on leaving a town or city, the bell or whistle shall be sounded when the train starts, and at intervals till it has left the corporate limits."

Evidence introduced for the plaintiffs below tended to show that the automobile had gotten upon the track and was struck by the front of the engine. Evidence introduced for the railway company tended to show that its train was passing over a street crossing, and that the automobile ran into the train, striking the ninth car from the engine.

There was also evidence introduced for the plaintiffs below tending to show that the railway company had not observed the requirements of subsection 3 above quoted. This being the state of the proof, the trial judge instructed the jury that the provisions of the statute were mandatory, "and it would make no difference whether the train ran into the automobile or the automobile into the train so far as liability is concerned under the statute that has been read to you."

This portion of the charge and another portion which we need not consider in view of our disposition of the case was held to be reversible error by the court of civil appeals.

The question presented to us is whether the precautions required of railroad companies entering or leaving an incorporated city or town were intended to prevent collisions between an automobile and the side of a train.

So far as subsection 4 of section 1574 of Thompson's-Shannon's Code is concerned, it is well settled that its provisions apply only where the object struck was an obstruction on the track in front of or ahead of the train. *Whittaker* v. *Railroad,* 132 Tenn., 576, 179 S. W., 140, and cases cited.

Subsection 4, however, was designed to warn persons and animals off the track that had entered thereupon, and to

prevent collisions with objects already on the track ahead of the train.

Subsection 2, with reference to crossing signals, and subsection 3 above quoted, were primarily designed to prevent persons entering upon the track. The decisions construing subsection 4 are not, therefore, necessarily controlling in construing subsection 3.

Literal obedience to this statute is exacted of all parties in cases to which it applies. *Graves* v. *Railroad,* 126 Tenn., 148, 148 S. W., 239. Several exceptions have been made, however, to the application of the statute.

Observance of the precautions prescribed by section 1574 of Thompson's-Shannon's Code is not required in switching operations. *Railroad* v. *Pugh,* 95 Tenn., 419, 32 S. W., 311; *Louisville, etc., R. Co.,* v. *Martin,* 113 Tenn., 266, 87 S. W., 418. Likewise the statute was not intended to be observed for the protection of employees (*King* v. *Tenn. Central R. Co.,* 129 Tenn., 64, 164 S. W., 1181, 51 L. R. A. [N. S.], 618), or for the protection of geese (*Nashville, etc., R. Co.* v. *Davis* [Tenn.], 78 S. W., 1050), nor for the protection of unregistered female dogs declared by statute to be a nuisance running at large (*Cincinnati, etc., R. Co.* v. *Ford,* 139 Tenn., 291, 202 S. W., 72).

Whether subsection 3 applies in any case where the collision or accident does not happen to an object in front of the train we need not decide. We are of opinion, however, that subsection 3 does not apply to the case of an automobile running into the side of a train at a road crossing.

Chapter 36 of the Acts of 1917 requires all automobiles to come to a full stop at a point not less than ten nor more than fifty feet from the nearest rail before undertaking

to pass over any railroad crossing. It is scarcely possible that a collision between his car and the side of a train could ever result, if the driver of an automobile observed this statute. Failure to observe the statute is declared a misdemeanor.

Automobiles were, of course, not known when the statute was enacted. We are satisfied, however, it was not the intention of the legislature to require the observance of the provisions of subsection 3 by way of preventing the side of a train from being struck by any horseless vehicle required by law to stop before passing over the railroad track. It could hardly have been supposed that such a collision would ever occur.

A murderous contempt for all regulations ordained to control their movements is too common, among those operating motor vehicles, to justify the court in permitting such lawlessness to be rewarded, unless the statutes so compel.

This is not a common-law case, and we are not discussing contributory negligence. We merely say that a sound public policy and due regard for the legislative intent require that another exception be made to the application of section 1574, Thompson's-Shannon's Code.

Entertaining these views, it follows that we find no error in the judgment of the court of civil appeals reversing these cases and remanding them for a new trial.