## SOUTHERN RAILWAY CO. v. T. M. BUSKILL.

Eastern Section. June 25, 1927.

Petition for Certiorari denied by Supreme Court, December 3, 1927.

J. M. Meek, of Knoxville, for plaintiff in error.
C. W. Key, of Knoxville, for defendant in error.

THOMPSON, J. The plaintiff, Buskill, brought this suit before a Justice of the Peace to recover for damages to his automobile sustained in a collision at a street crossing in the corporate limits of the City of Knoxville. The Justice of the Peace rendered judgment in favor of the plaintiff and the defendant appealed to the circuit court where the case was tried by the court without the intervention of a jury. From the judgment of $64.82, and court costs, which the circuit court rendered against it the defendant, its motion for a new trial having overruled, has appealed to this court and has assigned error.

Humes street in the City of Knoxville extends north and south, and is crossed (at right angles) by four of the defendant's (parallel) railroad tracks. The defendant's passenger depot is about a city block west of Humes street, and is at the end of these tracks.

At the time of the accident (about 10:30 A. M.) the plaintiff was driving his Ford touring car north along Humes street. When he approached to within about fifteen or twenty feet of the first track he stopped and looked both to his left. and right along the tracks. But his view eastwardly was obstructed by a stock pen, and also by a cattle-car or box-car which the defendant had, in violation of a municipal ordinance, left standing on the first track and in the east side of Humes street. In addition to looking, he listened for a train but heard none. Then he put his car in low gear and crossed the first track. In doing so he was compelled to pass around the west end of the cattle-car which extended almost to the center of Humes street. He then crossed the second track in safety but as he approached the third track he saw the defendant's passenger train travelling west thereon and only a very short distance away. Plaintiff was too close to said third track to stop and if he had gone forward he would have. run onto said track immediately in front of the engine. Had he turned to his left his car would have been struck by the front end of the engine. So he turned sharply to his right. The front end of the engine did not strike his car, but either the cab of the engine or some pipes immediately in front of it struck his car and did the damage complained of. The pipes and the cab protruded farther out to the side than did the front end, and they were about thirty or thirty-five feet back of the front end.

As plaintiff crossed the track he was running, as has been stated, in low gear and at a speed of seven or eight miles per hour. The defendant's train was running at a speed of from ten to twenty miles per hour in violation of a municipal ordinance which limited its speed to eight miles per hour. The bell or whistle of the engine was not sounded as required by subsection 3 of section 1574 of Shannon's Code which provides that: "On approaching a city or town, the bell or whistle shall be sounded when the train is at the distance of one

mile, and at short intervals till it reaches its depot or station," etc. Neither was the alarm whistle sounded, the brakes put down, nor every possible means employed to stop the train and prevent an accident, as required by subsection 4, if that subsection was applicable.

The questions raised by the assignments are that subsections 3 and 4 were not applicable, and that plaintiff's contributory negligence barred his recovery notwithstanding the defendant's violation of the two city ordinances.

It may be true that plaintiff's automobile did not appear on the road as an obstruction in front of the train so as to make applicable subsection 4, but we do not believe that the fact that the point of contact was with the extending pipes or cab some thirty or thirty-five feet back from the front end of the engine rendered subsection 3 (in connection with section 1575) inapplicable.

In Southern Railway Company v. Simpson, 149 Tenn., 458, the Supreme Court held that subsection 3 was not applicable to a case where a plaintiff at a road crossing failed to stop as required by Acts 1917, chapter 36, and ran into the side of a train, striking the ninth car back from the engine. But in the case at bar the plaintiff did stop before attempting to cross the tracks, and he struck the side of the engine only because he turned sharply to his right to avoid running in front of it.

The Supreme Court in the case above mentioned said, "whether subsection 3 applies in any case where the collision or accident does not happen to an object in front of the train we need not decide," and it seems to us that the question of whether it applies under the peculiar facts of the case at bar is still an open one, and in our opinion, should be decided against the railroad company. One of the principal objects sought to be accomplished by the passage of subsection 3 must have been to prevent vehicles from becoming obstructions in front of moving trains, and where as in the case at bar the striking of the side of the engine was the result of the plaintiff's effort to avoid becoming an obstruction in front of the engine, we think he was entitled to the benefit of the subsection.

But however this may be, the trial court expressly found that defendant's negligence in violating the ordinances as well as the statute was the proximate cause of the plaintiff's damages, and we think that the question of the plaintiff's contributory negligence under all of the circumstances was one of fact which the trial court was justified in finding in favor of plaintiff. Plaintiff had stopped, looked and listened before attempting to cross the tracks, and at the time of the accident was running in low gear, at a slow rate of speed, and in the exercise of reasonable care. We, therefore, do not think

we would be justified in disturbing the finding of the trial court in favor of the plaintiff on the question of contributory negligence.

It results that in our opinion there was no error in the judgment of the court below and the same will be affirmed with costs.

All concur.