STAGNER *v.* FRANK CRAIG, *et al.*

(*Nashville.* December Term, 1928.)

Opinion filed July 20, 1929.

MADDOX & MADDOX, for plaintiff in error.

J. SAM JOHNSON for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The Court of Appeals has affirmed a judgment for damages for the killing of a dog by defendant driving a motor car on the public highway. The case is here on petition for *certiorari,* which has been granted and argument heard.

The negligent killing and the amount of the award are questions of fact settled by the judgments of the lower courts, but petitioner here invokes application of our statute, Shan. Code, Sec. 2853a4, declaring it unlawful for the owner or keeper of a dog to allow the dog to go upon a highway, subject to exceptions not pertinent here. Violation of this statute was held, in *C., N. O. & T. P. R. Co.* v. *Ford,* extending the application of the statute to railroads as "highways," to be such contributory negligence as bars a recovery by the offending owner. 139 Tenn., 291, 293.

We approve the general rule announced. The presence of loose dogs is even more of a nuisance and menace on a public highway of the character here in question, than on a highway of the railway class, and the statute was even more obviously passed for the protection of the defendant herein than in the Ford case. Nothing more appearing it would seem to follow that, despite the concurrent finding of the negligent killing of the dog by the defendant and the determination of the amount of the damages, the plaintiff is cut off from recovery by his contributory negligence in allowing his dog to run at large on the highway.

■ However, another and closer question arises on this record. A well recognized exception to the rule that contributory negligence bars in a common-law action applies when the misconduct of the defendant is of the wanton or wilful class. This is well settled. Among our cases so holding are *Railway* v. *Roe,* 118 Tenn., 601; *Cash* v. *Casey-Hedges Co.,* 139 Tenn., 179; *Fairbanks, Morse & Co.* v. *Gambill,* 142 Tenn., 633. Have we here a case on its facts for the application of this exception? Both the trial Judge in his finding of facts and the Court of Appeals characterize the conduct of the defendant as "gross negligence." Says the Court of Appeals. "In this case the dogs were on the north side of the road going east. That left the south side of the road open for defendant Craig to use in passing, and that was the proper side for him to be on going east. It was certainly gross negligence for him to go to the wrong side of the road in order to run into the dogs." The case was tried in the Circuit Court without a jury and the trial Judge in his finding of facts holds that Craig "was guilty of gross negligence."

■ It will be noted that these Courts concur in finding that the defendant was guilty of "gross negligence." Does this term sufficiently describe that character of wrongful conduct on the part of the defendant which relieves the plaintiff from the bar of his contributory negligence? We find no case directly in point. The phrase "gross negligence" runs through our cases and authorities generally. Its use is criticised as lacking in definiteness and tending to confuse, and without legal significance. See 45 C. J., pp. 664-5 and 671, text and citations. Our own court has approved the frequently

quoted statement that gross negligence is "nothing more than negligence with the addition of a vituperative epithet." *Mariner* v. *Smith,* 5 Heisk., 203. It would seem that negligence, in whatever degree, is inconsistent with a deliberate intent.

But, the phrase appears to have acquired a meaning so close akin to intentional misconduct as to bring conduct so characterized within the exception to the rule barring recovery for contributory negligence. Bouvier defines gross negligence as, "the omission of that care which even inattentive and thoughtless men never fail to take of their own property. Jones, Bailments; *Neal* v. *Gillett,* 23 Conn., 437. Such as evidences wilfulness; such a gross want of care and regard for the rights of others as to justify the presumption of wilfulness or wantonness, 2 Thomp. Neg., 1264, Par. 52; such as implies a disregard of consequences or a willingness to inflict injury. Deering, Neg. Par. 29; *Lakeshore & M. S. Ry.* v. *Bodemer,* 139 Ill., 596, 29 N. E., 692, 32 Am. St. Rep., 218." In Ruling Case Law it is said, the text being supported by numerous citations, that, "gross negligence, however, is not characterized by inadvertence, but 'by an absence of any care on the part of a person having a duty to perform to avoid inflicting an injury to the personal or property rights of another, by recklessly or wantonly acting or failing to act to avoid doing some injury, evincing such an utter disregard of consequences as to suggest some degree of intent to cause such injury.' While, in the case of gross negligence, various terms have been used to express the mental state of the actor, the idea attempted to be conveyed seems to be that the act was done wilfully and inten-

tionally." In 45 C. J., 667 to 671, the term is discussed, with full notes. It is said that, "while it has been considered that gross negligence carries with it the element of wilfulness, other authorities hold that the term gross does not imply the same thing as wilful, although negligence may be so gross as to evidence wilfulness." For the last statement the writer cites, among others, *Railway* v. *Terry,* 3 Higgins, 445. In this case, in which writ of *certiorari* was denied by this Court, while recognizing that contributory negligence is not a defense when the conduct of the defendant was wanton, wilful or reckless, it was said that, "the conduct must amount to more than negligence or inattention. 29 Cyc., 510. In other words, it must be shown that the wrongdoer was so grossly careless as to warrant the inference that he was consciously indifferent to the rights of others, and wittingly pursued a course which probably would result in injury."

Mr. Justice NEIL, in *Westbourne Coal Co.* v. *Willoughby,* 133 Tenn., 267, speaks of "a negligence so gross as to be equivalent to positive wrong doing." And in *Todd* v. *R. R.,* 135 Tenn., 92, 108, Mr. Justice WILLIAMS says, "a defendant who is so grossly negligent and reckless to the point of acting in disregard of the rights of others or of imputed wilfulness cannot avail himself of plaintiffs contributory negligence."

It is of interest to note that in our early and leading case of *Byram* v. *McGuire,* 3 Head., 530, wherein it was announced that "punitive, vindictive or exemplary damages" might be awarded in cases of malice or gross negligence of the defendant, it was also held that the negligence of the plaintiff would not "repel his right to recovery." The plaintiff had allowed his jack to escape

from his enclosure. He was caught and confined so negligently as to cause his death. The Court refused to apply the bar of the contributory negligence of the plaintiff, both because it was "remote, and did not occur at the time of the injury," and also because "the argument can be of no avail to palliate a wrong inflicted by design." Here was a case in which the negligence was so gross as to carry the imputation of wantonness.

After a review of the foregoing and other authorities we are inclined to approve the following language, employed in substance by more than one writer, as a satisfactory definition of gross negligence: "Such entire want of care as would raise a presumption of a conscious indifference to consequences." This, of course, means more than, on the one hand, a want of ordinary care,—a common definition of negligence, and yet, it does not cross the border line of studied or deliberate interest to do the specific injury. The mental attitude is one of indifference to injurious consequences, conscious recklessness of the rights of others. Such conduct may well be characterized as wanton. Bouvier defines wanton negligence as, "a heedless and reckless disregard for another's rights, with the consciousness that the act or omission to act may result in injury to another. *Hazle* v. *R. Co.*, 173 Fed., 431."

That the term "gross negligence" was employed in this sense by the Court of Appeals in the instant case is indicated by the context. For example, that Court said, that, "It was certainly 'gross negligence' for him to go to the wrong side of the road *in order to run into the dogs*." The words we italicize sufficiently allege a conscious purpose needlessly to imperil the lives of the animals, if not a deliberate design to do injury.

Now if the trial Judge had used this language, the case before us would have been simplified by a concurrent finding, not only of gross negligence, but of such a degree of deliberate design as clearly to bring the defendant's conduct within the wilful and wanton rule. But not only does the concurrent finding go no further than gross negligence, making it necessary for us to define and apply that expression, as we have done, but an examination of the record fails to sustain satisfactorily the finding that the defendant drove "to the wrong side of the road *in order to run into the dogs."* The evidence seems to go no further than to show that he was driving on the wrong side of the road, that he was following the dogs in plain view of him and gave no warning with his horn or otherwise and made no attempt to avoid striking this dog. This is what the trial Judge found to constitute gross negligence. Giving to this phrase the meaning and effect above indicated, it results that the defendant may not rely upon the contributory negligence of the plaintiff in allowing his dog to go on the highway in violation of the statute. *Railroad* v. *Roe,* 118 Tenn., 601, 611, 612; *Railroad* v. *Williford,* 115 Tenn., 108, 122; *Todd* v. *Railroad,* 135 Tenn., 92, 108; *Cash* v. *Casey-Hedges Co.,* 139 Tenn., 179, 186; *Fairbanks Morse & Co.* v. *Gambill,* 142 Tenn., 633, 647. On the facts of this case, this result follows on both the grounds announced in our cases, thus stated in *Railroad* v. *Williford, supra*: "No party should be excused from the liability for an injury which he inflicts on another on the ground of the earlier negligence of the latter, when, aware of the latter's exposure to peril, he omits ordinary and reasonable care to avoid the injury . . . not only because [1] such negligence is the proximate occasion of the injury, but [2] for the stronger reason that

it indicates wantonness, and for this the law affords no excuse." As said by Judge Cooley in his work on Torts, page 674, "where the conduct of the defendant is wanton and wilful, or where it indicates that degree of indifference to the rights of others which may justly be characterized as recklessness, the doctrine of contributory negligence has no place whatever, and the defendant is responsible for the injury he inflicts, irrespective of the fault which placed the plaintiff in the way of the injury." The conduct of the defendant has been so characterized by the finding of the lower courts and the judgment must be affirmed.