GRADY BIRDSONG v. HUGH L. WILKINSON.

Middle Section.   April 14, 1931.

Petition for Certiorari denied by Supreme Court, July 1, 1931.

Jones & Wagstaff, of Pulaski, for plaintiff in error, Wilkinson.

David R. Wade, Jr., of Pulaski, for defendant in error, Birdsong.

CROWNOVER, J.   This case is not correctly styled.   It should be styled, Hugh L. Wilkinson, Plaintiff in Error, against Grady Birdsong, Defendant in Error, as Birdsong obtained a judgment in the lower court.

This was an action for damages for injuries inflicted on a bird dog owned by the plaintiff, which dog was shot by the defendant.

The case was tried by a Justice of the Peace and judgment was rendered against the defendant for $75.

Defendant appealed to the Circuit Court of Giles County where the case was tried by- the judge and a jury and resulted in a verdict in favor of the plaintiff for $35.   Motions for a new trial and in arrest of judgment having been overruled, defendant has appealed in error to this court and has assigned errors, which raise the following questions:

(1)   There was no evidence to support the verdict.

(2)   The shooting of the dog was justifiable, as the dog had worried and was attacking sheep, and was a nuisance.

(3)   There can be no recovery because the dog was running at large in violation of the statutes.

(4)   There can be no recovery because the dog was not registered and had no license, collar and tag, as required by chapter 477 of the Private Acts of 1927, applying to Giles County.

(5)   There was no evidence from which the jury could arrive at the amount of the damages.

(6)   The court erred in declining to charge defendant's special requests.

Plaintiff's evidence was to the effect:

Grady Birdsong, a farmer of Giles County, in February, 1930, owned a valuable bird dog, a pedigreed, registered English Setter. In addition to his fine breeding, he was a good hunting dog.   He was six years old.

The dog was not registered at the County Court Clerk's office and had no license, collar and tag, as required by the Dog Law of Giles County, chapter 477 of the Private Acts of 1927.

He was not habitually allowed to run at large. Birdsong kept him tied, but occasionally turned him loose for exercise, when he was in care of some member of the family.

He had never been known to worry or attack sheep or other stock.

Birdsong lived near Elkton on the Bee Line Highway. Defendant Wilkinson lived on the opposite side of the road about two hundred and fifty feet away. Wilkinson raised sheep.

On February 7, 1930, Birdsong, as he was leaving for Elkton, untied the dog to let him have some exercise, leaving him in the care of his children. At about six o'clock in the evening, the dog was shot in the shoulder while in the front yard of Wilkinson's place. As the result he was caused to be lame in the shoulder and "gun-shy." Birdsong stated that the value of the dog immediately before he was shot was from $250 to $500, and that now he is practically worthless. He gave $35 for him when he was a puppy.

Birdsong states that Wilkinson attracted and enticed his dog into the Wilkerson yard by tying his female dog in the yard, that Wilkinson would tie his female dog out in the yard, conceal himself and shoot other dogs that might be enticed into his yard.

Witnesses heard the report of the gun and saw the flash of the shot in the front yard, and heard the dog yelp and saw that he was wounded. Wilkinson, next day, told Allen McNeese, a deputy sheriff, that he had shot Birdsong's dog the night before in the front yard. Hammond Russell testified that Wilkinson told him the next day that he had shot a dog the night before.

Defendant's proof was that the dog was shot by Mrs. Wilkinson in the back yard; that when she shot the dog he was attempting to injure their sheep; that the dog was a nuisance and continually trespassing on their premises; that the dog is not now lame; that Wilkinson had never tied his female dog to entice other dogs to his place in order to shoot them.

The jury found the facts in favor of the plaintiff and rendered a judgment for him in the sum of $35.

There was conflict between the proof of plaintiff and defendant on (1) whether defendant Wilkinson or his wife shot the dog; (2) whether the dog was worrying or attacking Wilkinson's sheep at the time he was shot, and whether the shooting was justified; (3) whether the dog was a sheep killing dog, or a nuisance; (4) whether he was enticed upon Wilkinson's premises; and (5) whether the dog was injured and his market value lessened.

The jury has decided these questions for the plaintiff, and there was evidence to support the finding.

The jury, by its verdict, has found that the dog was deliberately shot by the defendant without justification. This being the case, the fact that he was running at large will not bar a recovery.

" 'To establish contributory negligence barring a recovery by the plaintiff, his negligent act or omission relied on as a defense must proximately contribute to the injury.' 16 Am. & Eng. Ency. of Law (2 Ed.), p. 480.

"But where the act constituting the violation of law has no connection, as that of cause to effect with the killing of the animal, we do not understand that the simple fact that the law has been violated merely in the manner of keeping an animal would bar a recovery." Railway Co. v. Oliver, 3 Higgins, 408.

In the recent case of Stagner v. Craig, 159 Tenn., 511, 19 S. W. (2d.), 234, dogs were running at large on the highway in violation of section 2853a4 of Shannon's Code. Defendant's act in running over them was held by the court to be gross negligence. The court held that as the injury to dogs was caused by the willful and wanton negligence of the defendant, the defendant could not rely on the contributory negligence of the plaintiff in allowing his dogs to go on the highway in violation of the statute.

In C. N. O. & T. P. Ry. Co. v. Ford, 139 Tenn., 291, 202 S. W., 72, the dog was at large, and had not been registered, and was killed while on the track of the railroad company. The court said: "There is no evidence indicating a malicious and wanton killing," and held that the owner was guilty of contributory negligence.

The fact that the dog was not licensed will not bar a recovery.

The general rule, supported by the weight of authority, is that an owner of a dog, licensed or unlicensed, may maintain an action for damages against any person or corporation wilfully or recklessly killing or injuring the animal. R. C. L., 1 Supp., 343, sec. 71.

The court was not in error in refusing to charge the defendant's five special requests, for the reason that the court's charge on the subject was sufficiently comprehensive, and it was not necessary to repeat the requests in so far as they contained a statement of the law. But most of the requests did not correctly state the law and were properly refused.

It is insisted that by section 8 of chapter 481 of the Private Acts of 1923, where any dog had chased, worried, or maimed sheep, such dog became a public nuisance and therefore he might be killed by any person without liability. And it is further insisted that it is a misdemeanor to allow any dog to run at large upon the highways or premises of another, as set out in Shannon's Code, secs. 2853a4-5, and that no damages are recoverable against any person for killing or injuring a dog that has been killing or worrying sheep, as provided by Code secs. 2871-3.

After an examination of these statutes, we are of the opinion that none of them applies to this case, for the reason that chapter 477 of

the Private Acts of 1927 is intended as a complete and uniform system for the licensing of dogs and the protection of live stock from injury by dogs in all counties within the designated population of that act, and that the act impliedly repeals all other laws in so far as Giles County is concerned. A subsequent statute embracing the entire subject-matter of a former statute, and containing provisions inconsistent therewith, repeals it by implication. This is true, even when material parts or provisions of former statutes are omitted. A subsequent statute covering the same subject-matter as the former statute, but containing more comprehensive provisions, repeals the former statute by implication. Shannon's Constitution of Tennessee, 252; Malone v. Williams, 10 Cates, 390, 445, 103 S. W., 798; Railroad v. Byrne, 11 Cates, 316, 317, 104 S. W., 460; Patterson v. Kirkpatrick, 11 Tenn. App., 164.

Hence we must look entirely to that act for the law on the subject. By an examination of that act it will be seen that there is no law against dogs running at large in Giles County. That act makes it unlawful for any person to harbor or permit to remain about his premises any dog not having a license and tag as required by that act, and section 19 provides ''that any person may kill any dog which he sees in the act of pursuing, worrying or wounding any live stock or poultry, or attacking human beings, whether or not such dog bears the license tag required by the provisions of the act. There shall be no liability on such person in damages or otherwise for such killing.''

It will thus be seen that this act does not provide that anyone may kill a dog unless he sees the dog in the act of pursuing, worrying, or wounding live stock. He has no right to kill the dog a day or two after he has worried or wounded live stock.

However, this section does not govern the present case, for the reason that the jury has found, by its verdict, that the defendant, Wilkinson, shot this dog in the front yard, and there were no sheep in the front yard at the time.

It is contended that under said act the plaintiff could recover not more than $25 for the injury to the dog. We have examined this act carefully and it does not limit the defendant's liability to $25, but section 28 of said act provides that where a licensed dog has been illegally killed its owner may recover its value, and in the event he cannot recover from the person who killed the dog then it is provided that he may be paid its value out of the County Live Stock Fund, not to exceed $25. Hence there is nothing in this contention.

The fact that a dog is not registered and tagged as required by that act does not deprive the owner of his property in such dog, but it renders him subject to a fine for violating the act. It does not

deprive him of a right of recovery for the willful injury or killing of the dog. Southern Ry. Co. v. Oliver, 3 Higgins, 408; Stagner v. Craig, supra.

It results that all the assignments of errors must be overruled and the judgment of the lower court affirmed. A judgment will be entered in this court for $35 together with interest thereon from October 22, 1930, to the present, in favor of Birdsong and against Wilkinson. The cost of the cause including the cost of the appeal is adjudged against Wilkinson and the sureties on his appeal bond, for all of which execution may issue.

De Witt, J., and Higgins, Sp. J., concur.