803 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AUSTIN KELLY McCRAW, Plaintiff-Appellant Cross-Appellee
v.
THE ELBERT L. KINSER MEMORIAL PARK COMMISSION, TOWN OF
GREENEVILLE and GREEN COUNTY, Defendants-Appellees
Cross-Appellants.
 No. 85-5769.
 No. 85-5799.
 United States Court of Appeals, Sixth Circuit.
 Sept. 15, 1986.
 
 Before: MERRITT and MARTIN, Circuit Judges; and BERTELSMAN,* District Judge.
 PER CURIAM.
 
 
 1
 Austin McCraw, a resident of North Carolina, brought this diversity wrongful death action pursuant to Tennessee Code section 20-5-106 in an attempt to recover for the drowning death of his teenage son, Bruce. The district court, in a nonjury trial, awarded $45,000 to McCraw. He appeals, claiming that the award is unjustifiably small. The defendants, Greene County, Tennessee, the town of Greeneville, Tennessee, and the Elbert L. Kinser Memorial Park Commission, cross-appeal, claiming that they are immune from suit under the Tennessee Governmental Tort Liability Act, that the district court erred in not finding the McCraws guilty of proximate contributory negligence, and that the district court applied an incorrect duty of care to the defendants and therefore reached the incorrect result of concluding that the defendants were negligent.
 
 
 2
 Bruce McCraw drowned while on a camping trip with his family to Kinser Memorial Park. One afternoon, the family walked down a trail which joined an old road leading to the Nolichuckey River. At that point the river is actually a reservoir. The family waded in the river. Then Bruce went out farther and floated downstream into deeper water. He was drawn past a sand bar and into a deeper area where the water was more treacherous. There Bruce drowned.
 
 
 3
 Greene County and the town of Greeneville operated the park through the Elbert L. Kinser Memorial Park Commission. They leased the land for the park from the Tennessee Valley Authority. The shore and the river where Bruce McCraw drowned was not a part of the park. The park did have easement rights to the shore.
 
 
 4
 The district court found that the defendants were negligent. The court stated:
 
 
 5
 The Court specifically finds that the defendants knew an attractive sandy area existed at the end of an old road; that park visitors were likely to be lured down the road to the river; and that park visitors, like the McCraw party, might be from other parts of the country and unfamiliar with river hazards. It finds further that the Nolichuckey River looks deceptively slow and shallow near the sandy area and that its dangers are not obvious to the ordinary observer. In addition, it finds that the defendants knew of the dangers associated with the river at the point where Bruce McCraw drowned because others had drowned at the same place and that they were negligent in not warning park patrons of the swift current and occasional deep holes that make the river treacherous. The Court finds further that the defendants' negligence proximately caused the accident that gave rise to the lawsuit. If a warning had been given, the McCraw party would not have ventured out anywhere near the channel if they had gone in the water at all.
 
 
 6
 The district court did not state what standard of care it applied in reaching its conclusions. However, earlier in the opinion in a discussion of the customary operating procedures of other parks, the court stated that "[w]hile it does appear that some of the other parks along rivers operate without any warning signs relating to river use, it does not necessarily follow that Kinser Park used reasonable care toward its visitors." Thus, it appears that the court applied a duty of reasonable care.
 
 
 7
 We conclude that the correct duty of care the defendants owed the McCraws is the statutory duty not to willfully or maliciously fail to gurrd or warn against a dangerous condition or use. Tenn. Code Sec. 70-7-104(1). Tennessee Code section 70-7-102 exempts the "landowner, lessee, occupant or any person in control of said land or premises" from any duty of care or any duty to warn a person who enters the land to camp, hunt, fish, swim or otherwise use the land recreationally except as provided in section 70-7-104. This section is applicable to the defendants because the land comprising the park is leased from the Tennessee Valley Authority and the defendants have been granted easements for use of the shore. Tennessee Code section 70-7-104 states that the landowner in section 70-7-102 continues to be liable for "willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity."
 
 
 8
 McCraw argues that the exemption of section 70-7-102 does not apply because he paid for the campsite and thus section 70-7-104(2) is applicable. Section 70-7-104(2) provides that the exemption of section 70-7-102 does not apply if permission to . . . camp . . . was granted for a consideration." McCraw argues that if section 70-7-104(2) is applicable, the duty is that of reasonable care.
 
 
 9
 Section 70-7-104(2) does not apply here because any amount McCraw might have paid was not a consideration for the privilege of camping at the park or for permission to camp at the park. Rather, the fee usually charged was a compensation to the park for services such as water that campers used. Also, McCraw had not paid anything when the drowning occurred. After the drowning and after McCraw returned home to North Carolina, he sent a check to the park but it was returned to him with a letter of condolence.
 
 
 10
 To be liable for willful or malicious misconduct, these defendants must have acted intentionally, deliberately, and purposefully. Shaver v. Tennessee Valley Authority, 565 F. Supp. 12, 15 (E.D. Tenn. 1982); City of Kingsport v. Quillen, 512 S.W.2d 569, 573 (Tenn. 1974); Insurance Co. of America v. Hogsett, 486 S.W.2d 730 (Tenn. 1972). Whether conduct is willful is a judgment to be based on the facts of each individual case. Byers v. Middle Tenn. Elec. Membership Corp., 467 F.2d 641, 642 (6th Cir. 1972). There is no doubt given the record in this case that Greene County, the town of Greeneville and the Elbert L. Kinser Memorial Park Commission cannot be found to have committed willful or malicious conduct. No evidence even suggests that the defendants acted deliberately, intentionally or purposefully in failing to warn the McCraws.
 
 
 11
 We hold that the correct duty of care is the duty not to act willfully or maliciously. The defendants' conduct cannot be found to be willful or malicious. Because we reach this result, it is unnecessary for us to deal with the remainder of the defendants' cross-appeals or McCraw's appeal on the issue of damages.
 
 
 12
 We reverse.
 
 
 13
 Bertelsman, District Judge, dissents.
 
 
 
 *
 The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation