HERBERT WARREN, by next Friend, Plaintiff in Error, v. CLYDE WARREN, Executor, etc., Defendant in Error.

Western Section.  February 7, 1930.

Petition for Certiorari denied by Supreme Court, June 28, 1930.

Francis J. Byrne, of Memphis, for plaintiff in error.
T. B. Collier, of Memphis, for defendant in error.

SENTER, J. This is a will contest case tried in the Circuit Court of Shelby County on an issue of devisavit vel non, tried by a jury.

It was the contention of the contestant, Herbert Warren, by his next friend, that the document admitted to probate in the Probate Court purporting to be the last will and testament of Mrs. Cora Warren, was not in fact her will, and that she did not have mental capacity to make and execute a valid will at the time it was made; that her son, Clyde Warren, who was named as the executor of the will, had induced his mother to make the will, and in which he was named the sole beneficiary, except a bequest of $50 made to the contestant, Herbert Warren, a grandson of the testatrix, and only surviving heir of his deceased father who was the son of the testatrix; that her said son, Clyde Warren, by the exercise of undue influence, persuaded his mother to execute the will at a time when she was mentally incapable of knowing and understanding the effect of her act.

At the trial of the case the contestant, by his attorney, tendered certain issues of fact to be submitted to the jury. It appears that the trial judge submitted three of the issues tendered, and declined to present or submit to the jury the other two. The charge of the court to the jury is not contained in the transcript, but the bill of exceptions show that the general charge was not excepted to by either party, but that the trial judge refused to give a special instruction to the jury requested by the contestant.

The jury reurned a verdict in favor of the proponent in the following language: "We, the jury, find the paper instrument offered in evidence to be the last will and testament of Mrs. Cora Warren." This verdict was written and signed by the foreman of the jury.

Upon this verdict the trial judge by proper order and decree, sustained the will and admitted the same to probate. The contestant filed a motion for a new trial, which was overruled and disallowed by the learned trial judge. From this action of the court the contestant, by his next friend, has appealed to this court, and has assigned errors.

The first assignment of error challenges the action of the trial judge in overruling the objection of contestant to one of the jurors. It appears that after the trial of the case was commenced and while the proponent was introducing his evidence that the attorney for contestant had discovered that Carl D. Wagster, one of the jurors, was an acquaintance of the proponent of the will, and resided near him in the City of Memphis. The attorney for the contestant upon making this discovery, challenged the competency of this juror on the ground that when the jury was examined on the voir dire that among other questions asked was, if any of the jury was acquainted with the parties to the suit, and neither of the jury indicated that they were acquainted with either of the parties. When this matter was brought to the attention of the trial judge and the juror was challenged on that ground, the trial judge interrogated the juror, and the juror stated that he knew the proponent to the will and that he lived near him in the City of Memphis and on occasions met the proponent on the streets. He further stated that he would try the issues fairly and impartially, without favor or prejudice for or against either party; and that he had, in fact raised his hand when the question was asked by the attorney for the proponent if any of the jury was acquainted with either of the parties. The trial judge held that the juror was competent, and proceeded with the trial of the case. In this we find no error. The jury had been sworn, and this juror was competent. The fact that the juror was acquainted with the proponent and lived in the community, would not be grounds for a challenge for cause.

The second assignment is directed to the action of the court in admitting the testimony of certain witnesses as to the signatures of the two attesting witnesses to the will. It appears that one of the attesting witnesses was present and testified when the will was probated in the Probate Court of Shelby county, but that she had since moved from the State of Tennessee, after her marriage and was a resident of the State of New Jersey. This subscribing witness to the will married shortly before the will was probated in the Probate Court and moved from Memphis with her husband to the City of Birmingham, and at the time the will was probated in the Probate Court of

Shelby county she was in Memphis on a visit for a few days, and shortly thereafter left the City of Memphis and since which time she has been a non-resident of the State of Tennessee, and a resident of the State of New Jersey. The other subscribing witness to the will had left Memphis before the probate of the will in the Probate Court and was supposed to be living in the State of California at the time the will was probated in the Probate Court and since that time, and that he was not a resident of the State of Tennessee, and his exact whereabouts was not known. Upon the proof of these facts being made, the learned trial judge permitted the proponent of the will to prove by witnesses the genuine signatures of the two attesting witnesses, by witnesses who testified that they were familiar with the handwriting of the attesting witnesses, respectively, and that the instrument offered for probate as the last will and testament of Mrs. Cora Warren bore the genuine signatures of the respective attesting witnesses. This evidence was objected to by the contestant on the ground that subpoenaes had not been issued for the two attesting witnesses and that the proponent had shown no diligence in securing the presence of the attesting witnesses to the will.

It is clear from the record that neither of the two attesting witnesses to the will was a resident of Tennessee or within the jurisdiction of the courts of this State at the time the contest of the will was filed, or at any time thereafter. While it is required by the statute that a last will and testament, when contested, is to be proved by all the living witnesses if to be found, and that the degree of diligence to be exercised in procuring the attendance of the attesting witnesses is the same degree of diligence that is required to be used in any other case where secondary evidence is sought to be used in lieu of the best evidence, however, if the attesting witnesses have moved to another State and are non-residents of the State at the time of the contest it is not necessary that subpoena issue for such witnesses. It is sufficient if the proponent be prepared to prove the fact of non-residence at the time of probate. (Pritchard on Wills and Administration, sec. 333, p. 342; Crockett v. Crockett, Meigs, 95; Jones v. Arterburn, 11 Humph., 97.) We think under the authorities in this State that the evidence complained of under this assignment of error was competent, and was properly admitted by the learned trial judge to prove the genuine signature of the attesting witnesses.

The third assignment makes the question that the court erred in overruling the motion of contestant for a directed verdict in his favor at the conclusion of proponent's proof in chief. This assignment must likewise be overruled. The signature of the testatrix was proved to be her genuine signature to the will by a qualified witness who was familiar with her handwriting. The signatures of the two attesting witnesses were proved by witnesses who were familiar

with the respective handwriting and signature of the respective attesting witnesses. The will appeared regular on its face.

There was nothing in the proof of plaintiff that would warrant any inference that the testatrix was not of sound mind and disposing memory, and not of sufficient mental capacity to make the will at the time of its execution.

The fourth assignment of error states that the evidence preponderated in favor of the contestant, and that the verdict is against the weight of the evidence. This assignment must be overruled under the well settled rule that an appellate court will not disturb the verdict of the jury concurred in by the trial judge if there is any material evidence to support the verdict. It is not sufficient to assign as error that the verdict is contrary to the weight of the evidence, or that the evidence preponderates against the verdict. This assignment is accordingly overruled. There was a considerable conflict in the evidence of the several witnesses on the question of the mental capacity of the testatrix at the time of the execution of the will. She had been removed from the home of her son to a hospital in Memphis. Several witnesses for the contestant testified that for some time prior to the time she went to the hospital that her memory was bad and that on occasions she would not know them when she met them, although they had been acquainted with her for some years.

Several witnesses for the proponent testified that the testatrix was free from mental infirmities at the time she executed the will, and at the time she was taken to the hospital. The hospital records do not disclose that she was mentally afflicted at the time she was received into the hospital. Some months later she was placed in an institution for the insane where she ultimately died. But as to her mental condition and lack of capacity for knowing and understanding the effects of her will at the time it was made, there is no direct evidence in the record. The several witnesses introduced for the contestant testified that her mind seemed to be affected at times, and that on occasions she did not know them, but neither of these witnesses testified as to the extent of her mental infirmity further than as suggested. There being a decided conflict on the question of her mental capacity, etc., in the evidence, and this conflict having been determined by the jury, and there being evidence to support the verdict, it cannot be disturbed on appeal by this court.

By the fifth assignment of error the action of the trial judge in submitting only the first, second and fifth issues to be answered by the jury, and refusing to give the third and fourth, is challenged as error. The charge of the court is not contained in the record. The bill of exceptions recites that there was no objection to the charge of the court except as to the refusal of the court to grant the special request submitted by contestant. We must assume that

the court correctly instructed the jury on all issues material for the determination of the question or issue as to the proper execution of the will, the mental capacity of the testatrix to make the will, and also on the question of undue influence constituting the issue of devisavit vel non. We are also of the opinion that the special request in the form in which it was made was properly refused, and further, it may be that so much of the same as was proper was covered by the general charge to the jury, and that in the absence of the charge in the record we must assume that the charge sufficiently covered all questions proper to be submitted and all proper instructions to the jury. This disposes of the fifth and sixth assignments of error.

By the seventh assignment it is said that the jury failed to answer any one of the issues submitted to them by the court, and the form of the verdict is made the basis of this assignment. The procedure does not require or contemplate that issues of fact be made up and submitted to the jury as in Chancery cases. It is proper for the trial judge to have the parties submit in writing the issues in the form of pleading, and to instruct the jury on the issues. It is not necessary that the jury in a will contest case make separate answers to each of the issues of fact submitted. The question for the determination of the jury is whether the instrument purporting to be the last will and testament is in fact the last will and testament, and they are to determine this question from the evidence and the instructions of the court in the charge.

Section 376, Pritchard on Wills, with reference to a jury verdict in will contest cases, states as follows:

"The verdict of the jury may be either in favor of or against the validity of the will as a whole, or it may find the will good in part and bad in part. Ordinarily, the validity of the entire will is involved, and the verdict is a general one,—'for the plaintiff,' or 'for the defendant,' as the case may be; or that the instrument propounded 'is the will of the decedent,' or the contrary. The meaning of the general verdict, 'for the plaintiff,' or 'for the defendant,' is that the will is valid or invalid, as the verdict may be for the one or the other. When the formal execution is proved, a general verdict for the defendant, or against the will, means that the paper was executed under such a state of circumstances, that by the rules of law, it cannot take effect as a will. (Key v. Holloway, 7 Baxt., 575-580.) But the instrument may be found valid as a will of personalty, and invalid for want of formal execution as a will of realty, or good as to some clauses and bad as to others. Or the jury may find a special verdict, stating how they find the facts and leaving the court to pronounce the proper judgment on the facts as found, and further stating in their verdict that if the court should be

344

of opinion, upon the facts found, that the law is with the plaintiff, they find for him; if with the defendant, then they find for him. . . ."

This assignment of error is accordingly overruled and disallowed, and which disposes of all the assignments of error.

The contestant has filed in this court a motion to strike the brief of the proponent, Clyde Warren, from the files. This motion is based upon the statement contained in the motion that the brief of appellee was not filed within the time as provided by the rules of this court, or if so filed the attention of appellant, or his attorney, was not called to the filing of the same. We find the brief was filed within the time provided by the rules of this court. This motion is disallowed.

It result that all assignments of error are overruled and the judgment below is affirmed. The appeal was prosecuted in forma pauperis, and the cost of this appeal will be paid by appellant.

Owen and Heiskell, JJ., concur.