Charles Douglas SAMPLEY, Plaintiff-Appellee,

v.

Charles D. AULABAUGH and Vol-State Chemical Corporation, Defendants-Appellants.

Court of Appeals of Tennessee, Eastern Section.

Aug. 2, 1979.

Certiorari Denied by Supreme Court Sept. 17, 1979.

Noone, Stringer, Breazeale & Associates, Chattanooga, for defendants-appellants.

Morgan, Garner, Wood & Guthrie, Chattanooga, and Bennett & Womack, Rossville, Ga., for plaintiff-appellee.

## OPINION

SANDERS, Judge.

Defendants have appealed from a jury verdict in favor of the Plaintiff for personal injuries. The Plaintiff-Appellee, Charles Douglas Sampley, sued the Defendants-Appellants, Charles D. Aulabaugh and Vol-State Chemical Corporation, for personal injuries. Plaintiff was injured when, as a result of the crane or hydraulic lift on which he was standing being struck by a truck, he fell to the sidewalk from the crane while working on a neon sign.

The accident occurred near the intersection of the easterly side of Dodds Avenue and the north side of 34th Street in the City of Chattanooga. At this point the two streets run at right angles. Dodds Avenue, which is a four-lane street, runs in a north-south direction and 34th Street, which is a two-lane street, runs in an east-west direction. Shortly before the accident the Plaintiff had driven his employer's truck to the intersection of the two streets for the purpose of repairing a neon sign located near the intersection. The truck he was using was equipped with a 64-foot hydraulic crane called a sky hook, commonly known as a cherry picker except this crane did not have a bucket on the end of it for a person to stand in. The base of the neon sign was located in a parking lot and set back approximately six feet from the east side of Dodds Avenue and about eight feet from the north side of 34th Street.

Upon arriving at the location the Plaintiff pulled his truck into 34th Street and backed it into the parking lot with the rear of the truck near the east end of the sign and the front wheels in 34th Street against the curb on the north side. In this position the truck was parked parallel with Dodds Avenue. After positioning the truck the crane was swung around at a 90° angle to the truck, parallel with 34th Street. It was raised to a height of approximately 12 feet above and perpendicular to the ground. In this position the end of the crane extended 12 to 18 inches beyond the curb into Dodds Avenue. The Plaintiff had two yellow cone markers which he placed on 34th Street but nothing was placed on Dodds Avenue to warn oncoming traffic of the obstruction in that street.

Immediately before the accident the Defendant, Charles Aulabaugh, was operating a truck of his employer, Defendant Vol-State Chemical Corporation, in a northerly direction on Dodds Avenue. The truck had a van-type body which was approximately 20 feet long and 12 feet high. Immediately before reaching the intersection he was driving on the right side, or curb lane, of the street and stopped to let a fellow employee out of the truck. In the meantime the traffic light at the intersection turned to red on Dodds Avenue. When it turned green the Defendant pulled across the intersection. It was his intention to pull into the center lane of Dodds Avenue after passing the intersection and he was looking into his side mirror to check for traffic coming from the rear. As he did, the right front top corner of the van on his truck struck the portion of the crane that was extending out over Dodds Avenue.

As the result of this collision the Plaintiff was knocked off the crane and seriously injured. In his complaint the Plaintiff charged the Defendant failed to keep a proper lookout ahead, he did not have his vehicle under reasonable control and he was guilty of operating his vehicle in violation of T.C.A. § 59–858.

In their answer the Defendants denied all allegations of negligence. They also charged the Plaintiff was guilty of contributory negligence. They said he was negligent in placing the crane on which he was working where it extended out over Dodds Avenue, in failure to warn approaching traffic of the extended crane over Dodds Avenue, he failed to keep a proper lookout for and to warn approaching traffic of the obstruction, his placing the crane out over the street constituted an obstruction in violation of T.C.A. § 54–925 and a violation of Chattanooga Code Section 34–28. They also contended the Plaintiff was in violation of certain safety regulations by not wearing a safety belt at the time of the accident.

The case was tried before a jury which found the issues in favor of the Plaintiff and fixed his damages at $72,500. Defendants' motion for a judgment notwithstanding the verdict, or a motion for a new trial, was overruled and they have appealed and assigned error.

The Defendants have assigned 41 assignments of error, many of which are repetitious or frivolous or do not comply with the rules of this court and serve only to burden the record. However, we do find merit in a limited number of the assignments. In their first assignment of error Defendants say there was no evidence to support the verdict.

█ We cannot agree. Although there is an extremely close question on the issue of contributory negligence, we conclude there was a question for determination by the jury.

The Defendants, in their answer, say that at the time of the accident the Plaintiff was in violation of T.C.A. § 54–925, which provides as follows:

"*Obstructing roads a misdemeanor— Commissioner failing to sue incurs penalty—Disposition of fines and penalties.* Any person who shall place, or cause to be placed, on any public highway, any brush, briers, or any other material or thing which may obstruct or damage such highway, or render it inconvenient or hurtful to the traveling public, or who

may encroach upon the same in constructing any fence, wall, or like improvement, shall be guilty of a misdemeanor, and be fined as in other misdemeanors. The commissioners shall bring suit against any person thus obstructing, damaging, or encroaching on any highway, within thirty (30) days after such fact comes to his knowledge, and, on failure to do so, shall be subject to a fine of five dollars ($5.00), which may be recovered by any person subject to highway duty in his district suing therefor. Such fine, when collected, and also any fine if collected by the commissioners under this section, shall be paid on receivable warrant of county judge or chairman to the county trustee, for the benefit of the roads of the said commissioner's district."

In his charge to the jury the Court did not charge the jury with reference to this statute. The Defendant requested the following special charge based upon the statute: "You are instructed that it is unlawful to place or cause to be placed on any public highway any material or thing which may obstruct such highway or render it inconvenient or hurtful to the traveling public."

The Court declined to give this special request and Defendants assigned this as error.

The Defendants also relied upon the following city ordinance for the City of Chattanooga as a defense. It provides:

"SEC. 34–28. BOXES, BARRELS, MERCHANDISE, OTHER ARTICLES.

"It shall be unlawful for any person to obstruct the streets or sidewalks with boxes, barrels, machinery, agricultural implements, etc., except when receiving and forwarding goods, wares and merchandise, and then only for a reasonable time."

The Court failed to instruct the jury on this ordinance and the Defendants made the following special request: "You are instructed that under the Ordinances of the City of Chattanooga, it is unlawful for any person to obstruct the streets of said City with machinery except when receiving or

forwarding goods, and then only for a reasonable time."

The Court also refused this special request and the Defendants assigned this as error.

The only instructions of the Court to the jury with reference to the duty of the Plaintiff was as follows: "The Court also charges you that it was the duty of the Plaintiff in this case, Mr. Charles Sampley, to exercise reasonable care and caution for his own safety. He must keep a proper lookout for his own safety, to locate his truck in a proper or safe position and condition. He must position his crane or boom in a safe or proper manner. He must be careful as best as he can to not protrude his crane or boom into the street without giving proper warning to others who may be operating the same, if it is not readily discernible by anyone on the street.

"In general, Mr. Sampley must exercise that degree of care and prudence as would be expected of an ordinary prudent man repairing a sign using that truck and that type of boom under the same or similar circumstances. If the Plaintiff, Mr. Sampley, failed to do that, then he would be guilty of contributory negligence. If that contributory negligence proximately caused or contributed to this accident, then he cannot recover."

■ Under the circumstances we think it was error for the Court to refuse to properly instruct the jury on the statute and the city ordinance and to also refuse the Defendants' special requests. The undisputed proof shows the Plaintiff was in violation of both the statute and the city ordinance. The jury should have been so instructed and further instructed that the violation of such statute and ordinance was negligence per se. The instruction as given by the Court was insufficient to correct this error and the assignments of error are sustained.

Our ruling on these assignments of error will require the case to be remanded for a new trial. In view of this we feel constrained to address another assignment to possibly avoid further error in a new trial.

■ Defendants say it was error for the Court to charge the jury as follows: "The separate paragraph of this complaint filed by Mr. Sampley is predicated on the alleged violation of a section of the Tennessee Code Annotated. In particular, TCA 59–858, which is entitled reckless driving, any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving. The Court instructs you that it was the duty of the Defendant, Charles Aulabaugh, to observe the statute that is set out in the complaint just read to you. If at the time of this accident the Defendant was operating his truck in violation of this statute, that would be negligence per se. That is, negligence as a matter of law. If that was the proximate cause of the accident, then the Defendant would be liable."

Although in his complaint the Plaintiff alleged a violation of T.C.A. § 59–858, there is no proof in the record to warrant a charge under this statute. The proof shows the Defendant was operating his vehicle in a careful, prudent manner at a speed of five to eighteen miles per hour at the time of the accident. The only act of negligence of which he could possibly have been found to be guilty was failure to see the crane protruding out over the street before the accident.

In the case of *Fontaine v. Mason Dixon Freight Lines* (1961) 49 Tenn.App. 598, 357 S.W.2d 631, the court, in addressing T.C.A. § 59–858, said:

"On the question of gross negligence it was said in *Inter-City Trucking Co. v. Daniels,* 181 Tenn. 126, 129, 178 S.W.2d 756, 757:

" 'In *Stagner v. Craig,* 159 Tenn. 511, 517, 19 S.W.2d 234, 236, since approved and followed in *Consolidated Coach Co. v. McCord,* 171 Tenn. 253 at page 258, 102 S.W.2d 53, citing other cases, "gross" negligence was defined as, "such entire want of care as would raise a presumption of a conscious indifference to consequences." If one knowingly, consciously, violates a duty imposed upon him to take measures

prescribed to protect the lives of others, he is guilty of more than a mere neglect to exercise ordinary care. * * "a common definition of negligence. And yet, it does not cross the border line of studied or deliberate intent to do the specific injury. The mental attitude is one of indifference to injurious consequences, conscious recklessness of the rights of others. Such conduct may well be characterized as wanton. Bouvier defines wanton negligence as: 'A heedless and reckless disregard for another's rights, with the consciousness that the act or omission to act may result in injury to another.'"'"

Clearly, there was no such willful or wanton conduct manifested on behalf of the Defendant in the case at bar.

In the case of *Westmoreland v. Memphis Transit Company,* 305 F.2d 71 (1962) the Sixth Circuit held that where there was no evidence of willful and wanton misconduct it was error for the court to read the stat-ute in his charge to the jury. They concluded, however, that under the circumstances in that case it was harmless error.

We, likewise, conclude it was error in the case at bar.

There are numerous other assignments of error but in view of our holding on the Court's charge, they are pretermitted.

The judgment of the Trial Court is reversed and the case is remanded for a new trial. The cost of this appeal is taxed to the Appellee.

PARROTT, P. J. (E.S.), and GODDARD, J., concur.