**Eva Nell BUCKNER,
Plaintiff–Appellant,**

**v.**

**Harold VARNER, d/b/a Hayloft Riding
Stables, Defendant–Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

March 22, 1990.

Permission to Appeal Denied by
Supreme Court June 11, 1990.

William A. Hotz, Knoxville, for plaintiff-appellant.

Dean B. Farmer and T. Kenan Smith with Hodges, Doughty & Carson, Knoxville, for defendant-appellee.

## OPINION

SANDERS, Presiding Judge (Eastern Section).

The Plaintiff appeals from summary judgment in favor of the Defendant in her action against a riding stable owner for personal injuries.

In July 1986, Plaintiff–Appellant, Eva Nell Buckner, rented a horse to ride from the Defendant–Appellee, Harold Varner d/b/a Hayloft Riding Stables. Prior to taking possession of the horse Plaintiff

signed a waiver stating, essentially, that she was riding at her own risk. Shortly after she mounted and began riding, Plaintiff noticed the horse was acting strangely and was swinging its head from side to side. When Plaintiff attempted to return the horse to the stable, the horse reared up and then began to run. In the interim the horse's bridle broke and the horse was uncontrollable. As a result, Plaintiff fell from the horse and was injured.

Plaintiff filed suit, alleging the Defendant was negligent in supplying her with unsafe riding equipment and by giving her a horse that was spirited, despite her request for one with a gentle temperament.

Defendant filed a motion for summary judgment on the basis there were no genuine issues of material fact. In support of the motion the Defendant asserted Plaintiff signed an agreement assuming the risk of injury while on Defendant's premises, and released him from all liability. Defendant submitted an affidavit to that effect as well.

In opposition to Defendant's motion, Plaintiff argued the waiver she signed was of insufficient legal force and effect to relieve the Defendant of liability because he was guilty of gross negligence. Plaintiff contended Defendant willfully rented her a high-spirited horse with defective equipment and that such acts were material to a finding of gross negligence. In further support of her contention, Plaintiff submitted the affidavits of two other individuals who stated they had been injured while riding horses rented from Defendant's establishment. The trial court sustained Defendant's motion and the Plaintiff has appealed.

The sole issue presented for review is whether the trial court erred in granting Defendant's motion for summary judgment. Plaintiff argues genuine issues of material fact exist regarding whether or not Defendant's conduct constituted gross negligence.

Summary judgment is to be rendered by a trial court only when it is shown there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The party moving for summary judgment has the burden of showing no genuine issue of material fact exists. In ruling on the motion the court must view the record in the light most favorable to the non-moving party. *See, Taylor v. Nashville Banner Publishing Company*, 573 S.W.2d 476 (Tenn.App. 1978).

The summary judgment procedure is not to be regarded as a substitute for trial of disputed factual issues. *See, Evco Corporation v. Ross*, 528 S.W.2d 20 (Tenn.1975). In negligence cases, summary judgment is only appropriate when the inferences which may be drawn from the uncontroverted facts are so certain that all reasonable persons must agree with them. *See, Brookins, et al. v. The Round Table, Inc., et al.*, 624 S.W.2d 547 (Tenn.1981). In *Knapp v. Holiday Inns, Inc., et al.*, 682 S.W.2d 936 (Tenn.App.1984), this court stated "summary judgments should be granted only hesitantly in negligence cases because the ultimate determinative issues in these cases should be decided by the trier of fact after an opportunity to view witnesses' demeanor and to evaluate their credibility."

It is within these boundaries we must determine the issue before us on appeal. However, after considering the affidavit of the Defendant in support of his motion, as well as the countervailing affidavits of the Plaintiff, we must also go further and determine whether or not there are "specific facts showing that there is a genuine issue for trial" pursuant to Rule 56.05, T.R.C.P.

The affidavit submitted in support of the Defendant's motion establishes the undisputed fact the Plaintiff signed a waiver which provides as follows:

> I fully understand and do agree that while I am here at Hayloft Stables, I am so at my own risk, in the event that I should get hurt or injured, Hayloft Stables shall not be held responsible.

Plaintiff does not deny she signed the waiver. However, it is her contention the

agreement operates only to protect the Defendant from liability for ordinary negligence—not for gross negligence of which she claims the Defendant is guilty.

In *Moss v. Fortune*, 207 Tenn. 426, 340 S.W.2d 902 (1960), the supreme court held the plaintiff could not maintain his personal injury action against a stable owner where the plaintiff signed a waiver agreeing to assume any risks incident to renting and riding one of the defendant's horses. Shortly after he signed the agreement the plaintiff fell from the horse he was riding when his left stirrup strap broke. The plaintiff was injured and thereafter filed suit against the defendant. Plaintiff alleged he was injured as a result of the defendant's negligence in failing to make a proper inspection of his equipment. Affirming the agreement was a sufficient bar to the plaintiff's right to maintain his lawsuit, the court said:

> It is well settled in this state that parties may contract that one shall not be liable but that such other shall assume the risk incident to such negligence. (Citations omitted).

*See also, Empress Health & Beauty Spa, Inc. v. Turner*, 503 S.W.2d 188 (Tenn.1973).

■ However, a contract against liability will not operate to protect a party who is guilty of gross negligence. Therefore, where genuine issues exist regarding whether certain actions or conduct amount to gross negligence, summary judgment is inappropriate. *See, Adams v. Roark*, 686 S.W.2d 73 (Tenn.1985); *and also Moss v. Fortune, supra.*

In the case of *Thomason v. Wayne County*, 611 S.W.2d 585 (Tenn.App.1980), and cases cited therein, gross negligence is defined as "a conscious neglect of duty or a callous indifference to consequences.... [or] such entire want of care as would raise a presumption of a conscious indifference to consequences." *See also, Sampley v. Aulabaugh*, 589 S.W.2d 666 (Tenn.App. 1979).

■ Though Plaintiff submitted the affidavits of two other people who stated they were injured due to defective riding equipment while riding Defendant's horses, there is nothing in either of their statements, nor in the Plaintiff's affidavit, to establish Defendant consciously or knowingly supplied Plaintiff with defective equipment or an ill-tempered horse. Nor is it otherwise established Defendant acted in wanton disregard of the Plaintiff's safety.

In the case of *Fowler v. Happy Goodman Family*, 575 S.W.2d 496 (Tenn.1978), our supreme court, in addressing the issue of what a plaintiff or defendant must do to withstand a motion for summary judgment, speaking through Justice Harbison, said:

> A motion for summary judgment goes to the merits of the litigation. One faced with such a motion may neither ignore it nor treat it lightly. As stated in Rule 56.05, T.R.C.P.:

> 'When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, *must set forth specific facts showing that there is a genuine issue for trial.* If he does not so respond, summary judgment, if appropriate, shall be entered against him.' (Emphasis added).

575 S.W.2d at 498.

Plaintiff having failed to show in her response there is "a genuine issue for trial," the judgment of the trial court is affirmed and the cost of this appeal is taxed to the Appellant. The case is remanded to the trial court.

GODDARD, J., concurs.

FRANKS, J., dissents and files opinion.

FRANKS, Judge, dissenting.

The majority states plaintiff signed a

waiver [1] "that she was riding at her own risk" and concluded plaintiff's affidavit did not "establish Defendant consciously or knowingly supplied Plaintiff with defective equipment or an ill-tempered horse."

The standard employed by the majority in testing the motion for summary judgment is too stringent and not in accord with the reported cases.

An early case interpreting T.R.C.P., Rule 56, *Evco Corporation v. Ross*, cited by the majority, succinctly states what is required of the trial judge:

> The summary judgment procedure was designed to provide a quick, inexpensive means of concluding cases, in whole or in part, upon issues as to which there is no dispute regarding the material facts. Where there does exist a dispute as to facts which are deemed material by the trial court, however, or where there is uncertainty as to whether there may be such a dispute, the duty of the trial court is clear. He is to overrule any motion for summary judgment in such cases, because summary judgment proceedings are not in any sense to be viewed as a substitute for a trial of disputed factual issues. 528 S.W.2d 24–5.

As the majority notes, citing *Adams v. Roark*, if the defendant's conduct amounts to gross negligence, a release will not relieve the defendant of responsibility. In the instant case, the plaintiff asked for a gentle horse and her affidavit is evidence the horse was not gentle and she was furnished defective riding equipment. Plaintiff also offered affidavits of two other patrons of the establishment who stated that they had rented horses and had been issued defective equipment resulting in injuries.

Plaintiff is entitled to have the record considered in the light most favorable to her, which includes drawing all legitimate conclusions and inferences that may be drawn in her favor from the affidavits. *Berry v. Whitworth*, 576 S.W.2d 351 (Tenn. App.1978). Considering the affidavits thus, it can be reasonably inferred that the defendant either knew he was renting high-spirited horses with defective riding gear or was conducting the riding business recklessly and in careless disregard of the safety of his patrons because plaintiff was able to establish other incidents of renting horses with defective equipment which conditions were called to the attention of his employees and, in the plaintiff's case, renting a high-spirited horse when a gentle horse was specifically requested.

The summary judgment was inappropriate and I would remand to the trial court to allow the proof to be developed on whether defendant could be held responsible for plaintiff's injuries.[2]

---

1. The document signed provides:
   AGREEMENT
   I fully understand and do agree that while I am here at Hay Loft Stables, I am so at my own risk, in the event that I should get hurt or injured, Hay Loft Stables shall not be held responsible.
2. The issue of gross negligence was properly raised by the plaintiff in an attempt to amend the complaint by stating:

Plaintiff avers that the Defendants provided defective equipment, sub-standard horses, and improper trained personnel in the scope of operating Hayloft Riding Stables. Plaintiff avers that the sub-standard operation of the Riding Stables constitute wilful and wanton disregard for the safety of the patrons, and that Hayloft Riding Stables were operated in such a reckless manner so as to constitute gross negligence.