Carol CARNEY and Clark Carney, individually and as next friend of John Cunningham, a minor, Plaintiffs/Appellees,

v.

COCA–COLA BOTTLING WORKS OF TULLAHOMA, Defendant/Appellant.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Jan. 22, 1993.

Rehearing Denied March 17, 1993.

Permission to Appeal Denied by Supreme Court June 1, 1993.

Steven D. Parman, Watkins, McGugin, McNeilly & Rowan, Nashville, for defendant, appellant.

Rondal T. Wilson, Shelbyville, for plaintiffs, appellees.

## OPINION

CANTRELL, Judge.

The two main issues in this appeal are: (1) whether a juror should have been excused for cause because she was acquainted with one of the parties, and (2) whether it was reversible error to charge the jury that violating a statute was negligence per se when there was no evidence that the statute applied. We find it was reversible error to charge the statute.

### I.

On a February morning in 1985, a driver employed by the Coca–Cola Bottling Works of Tullahoma, Inc. was making deliveries in the city of Shelbyville. He parked his truck on Lane Street in front of the Musgrave Pencil Company. The truck was parked on the left side of the street approx-imately one to two feet from the curb. There were patches of ice on the street. The plaintiff, Carol Carney, drove her car east on Lane Street and saw the truck occupying part of her lane of traffic. She slowed down to make sure she would not encounter any oncoming traffic and then pulled out to the left in order to pass the truck. As she drew even with the truck she saw an oncoming vehicle she had not observed before and slammed on her brakes. Her car went out of control on a patch of ice and struck the parked truck, as well as the oncoming vehicle. Mrs. Carney suffered a soft-tissue injury to her neck.

The jury trial against the bottling company resulted in a $175,000 verdict for Mrs. Carney. The trial judge reduced the judgment to $150,000, the amount sued for.

### II.

During jury selection, after the defendant had exhausted its peremptory challenges, Hazel Boner was called as a prospective panel member. On her way to the jury box she said, "I don't think you need me to serve on this jury because I'm very close to the family, very close."

On further examination she responded to the lawyers' questions as follows:

MR. WILSON: The question you have to answer, and only you can answer this, Ms. Boner, and that is, if you are selected to sit on this panel, could you and would you be fair to both sides?

PROSPECTIVE JUROR: I think so, yes.

MR. WILSON: I understand you know the Carney family, but you understand you're going to take an oath, too, you're going to raise your right hand and swear you're going to be fair to both of these people?

PROSPECTIVE JUROR: Yes.

MR. WILSON: Will you and can you do that?

PROSPECTIVE JUROR: Yes, I can.

MR. PARMAN: Ms. Boner, how do you know the Carney family? Have you known them for a long time?

PROSPECTIVE JUROR: I sure have. My husband has worked for them for 20 years.

MR. PARMAN: Something caused you to stop on your way up here and say that you didn't think they needed you on this jury. Is that because you feel close to the Carney family?

PROSPECTIVE JUROR: No, not really. I think I can be able to do the right thing if I am on the jury, but I don't like to put myself in that position.

MR. PARMAN: Do you feel uncomfortable about it?

PROSPECTIVE JUROR: Yes, I do.

MR. PARMAN: Because you do know them, and you would be sitting in judgment on this lawsuit?

PROSPECTIVE JUROR: Well, see, I mean if she proved—he proved her case, fine, but if he proved his case, then I would have to go against her, you know.

MR. PARMAN: But you would feel uncomfortable about that?

PROSPECTIVE JUROR: Yes, I would.

The defendant asked the trial judge to excuse Ms. Boner for cause. The trial judge refused, and his action raises the first issue on appeal.

 It is axiomatic that a party is entitled to a jury composed of persons free from bias or prejudice. *Durham v. State*, 182 Tenn. 577, 188 S.W.2d 555 (1945). Friendship or personal acquaintance with one of the parties is frequently discovered in jury selection, and whether it results in disqualification depends on the facts of each case. *See Warren v. Warren*, 11 Tenn.App. 338, 340 (1930). We think that is just another way of stating that whether a juror is disqualified because of personal acquaintance with one of the parties is within the discretion of the trial judge. That is the rule with respect to other circumstances potentially disqualifying a prospective juror. *See Kunk v. Howell*, 40 Tenn.App. 183, 191, 289 S.W.2d 874, 878 (1956) (juror's knowledge of undisputed or collateral facts of the case); *State v. Irick*, 762 S.W.2d 121, 125 (Tenn.1989) *cert. denied*, 489 U.S. 1072, 109 S.Ct. 1357, 103 L.Ed.2d 825 (1989) (juror's hesitancy about being fair because of the character of the crime and the age of the victim). Where, however, a prospective juror has a fixed opinion that would require evidence to remove it, the fact that he says he will render an impartial verdict does not make him competent. *Turner v. State*, 111 Tenn. 593, 614, 69 S.W. 774, 779 (1902).

In this case we do not think the trial judge abused his discretion in overruling the challenge to Ms. Boner. The questions directed to her did not reveal that she had preconceived ideas about the facts of the case. Ms. Boner described herself as being "very close" to the plaintiff's family, but said she would be fair to both sides and, if the plaintiff failed to prove the case, she would have to go against the plaintiff. We think it was a great benefit to have personally observed Ms. Boner as she answered the lawyers' questions. Since the trial judge had that benefit and the question of whether Ms. Boner was disqualified is one of judgment, we are satisfied the decision of the trial judge was within the bounds of his discretion and was not reversible error.

### III.

#### a.

 Among other allegations of negligence, the plaintiff alleged in the complaint that the defendant's driver parked the truck in violation of Tenn.Code Ann. § 55–8–158. That section provides:

(a) Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of the highway, but in every event an unobstructed width of the highway opposite a standing vehicle of not less than eighteen feet (18′) shall be left for the free passage of other vehicles, and a clear view of such stopped vehicles shall be available from a distance of two hundred feet (200′) in each direction upon such highway.

The trial judge gave the following charge to the jury without objection:

The plaintiff contends, or both plaintiffs contend that the defendant driver violated this statute in that there was a practicable alternative place across the road to have parked the vehicle, and if you find that to be true by the greater weight of the testimony, then that is negligence as a matter of law on the part of the defendant driver.

There is no evidence in the record that the truck was upon a highway outside of a business or residential district. In fact, the evidence is to the contrary. The truck was parked in front of a factory in the city of Shelbyville and across the street from another business. Moreover, the police report indicated that the accident happened in an industrial area.

An instruction on an issue where there is no evidence in the record raising that issue is erroneous, *Wilson v. Tranbarger*, 218 Tenn. 208, 236, 402 S.W.2d 449, 461 (1965); *See also Langford v. Arnold*, 707 S.W.2d 521, 522 (Tenn.App.1985), and the failure to object to the court's instructions does not waive the right to raise an erroneous instruction in a motion for a new trial or on appeal. Tenn.R.Civ.Proc. 51.02.

**b.**

The real question on this issue, then, is whether the error should be considered harmless. After a careful review of the record, we think it was not. Tenn. R.App.Proc. 36(b) states that a judgment should not be set aside unless, considering the whole record, the error more probably than not affected the judgment or would result in prejudice to the judicial process. Our courts have held that in order to amount to reversible error it must appear that the jury was misled by the erroneous charge. *Hutchison v. Teeter*, 687 S.W.2d 286, 288 (Tenn.1985); *Helms v. Weaver*, 770 S.W.2d 552, 553 (Tenn.App.1989).

We think the instruction more likely than not misled the jury by conveying the impression that the truck driver was negligent if there was a convenient place to park across the road and he failed to take advantage of it. The question of liability was close, and the erroneous instruction may have been the single factor that turned the tide in the plaintiff's favor. Therefore, we do not consider the instruction harmless.

The judgment of the court below is reversed and the cause is remanded to the Circuit Court of Bedford County for a new trial. Tax the costs on appeal to the appellee.

TODD, P.J., and LEWIS, J., concur.