# IN THE COURT OF APPEALS OF TENNESSEE

## AT KNOXVILLE

KAITLIN MCCOOL, by next friend ) C/A NO. 03A01-9901-CV-00012
and mother, ANGELA MCCOOL, )
BETTY MCCOOL and WILLIAM ) HAMILTON CIRCUIT
MCCOOL, )
) HON. JACKIE SCHULTEN,
    Plaintiffs-Appellants, ) JUDGE
)
vs. )
)
PROFFITTS, INC., ) AFFIRMED
) AND
    Defendant-Appellee. ) REMANDED


SCOTT N. BROWN, JR., and DANIEL M. STEFANIUK, SPEARS, MOORE, REBMAN & WILLIAMS, Chattanooga, for Plaintiffs-Appellants.

C. DOUGLAS DOOLEY, CHARLES W. POSS, and JASON G. HOWELL, LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC., Chattanooga, for Defendant-Appellee.


# **O P I N I O N**


Franks, J.


In this action to recover damages for personal injuries resulting from a fall on defendant's escalator. A jury returned verdicts for the defendant and plaintiffs have appealed, insisting that the Trial Judge erred in refusing to charge a proper jury instruction, viz. "that violating a statute was negligence, per se, when there was evidence that made a

statute, namely T.C.A. §68-121-109 appliccable".

The plaintiffs while shopping at Proffitt's Department Store in Hamilton Place Mall in Chattanooga boarded an ascending escalator, and during the assent fell down the escalator and sustained injuries. Plaintiffs testified that the escalator "lurched", which they described as "it momentarily slowed before resuming a normal speed" and that this "lurch" caused them to lose their balance and fall.

There were no other witnesses to the incident, and plaintiffs presented no evidence at trial regarding what they contend happened with the escalator, except for their testimony that it lurched.

Defendant, on the other hand, presented evidence of Jerry Moncier, an employee of Montgomery Kone, who inspected and repaired escalators and elevators. Moncier stated that he had inspected the same escalator that very morning as a result of a routine maintenance contract, and again two days later, at defendant's request. He found the escalator to be in good working order on both occasions. He further testified that the escalator was regularly inspected, and had routine preventative maintenance performed on it, as well as any necessary repairs should there be a malfunction. Moncier further testified that it was not mechanically possible for the escalator to behave as plaintiffs claimed, because any power surge, loss of power, brownout, etc. would cause the escalator to immediately shut down, and it could only be restarted by the insertion of a special key. Plaintiffs presented no evidence to contradict this testimony.

Plaintiffs requested the Trial Court to instruct the jury regarding negligence per se, based upon T.C.A. §68-121-109, which requires that: "Every elevator, dumbwaiter and escalator shall be maintained by the owner or lessee in a safe operating condition and so that it conforms to the rules and requirements of the boards as adopted under §68-121-103." The Trial Court refused the instruction as well as T.P.I. (Civil) 3.09 (negligence per se), stating that they were inapplicable. The Trial Judge did, however, instruct the jury regarding

negligence and *res ipsa loquitor*. The Trial Court also instructed the jury regarding the duties of owners and lessors of premises, and defective or unreasonably dangerous conditions on premises pursuant to T.P.I. (Civil) 9.01 and 9.02.

A trial court is required to give a requested instruction if it is supported by evidence, embodies a party's theory of the case, is a correct statement of the law, and is not included in other portions of the charge. *Spellmeyer v. Tennessee Farmers Mut. Ins. Co.*, 879 S.W.2d 843 (Tenn. App. 1993).

In this case, plaintiff presented no proof that the defendant had violated T.C.A. §68-121-109. This Statute requires that the escalator be maintained in a safe operating condition, and that it be maintained in conformity with the rules and requirements of the Board as adopted under the provisions of T.C.A. §68-121-103. The Code requires that escalators be inspected every six months by a State's licensed inspector, who is then required to file a report regarding the outcome of the inspection. T.C.A. §68-121-106(3). The report must include information regarding whether the escalator is in a safe operating condition, and whether the owner of the escalator has conformed to the Board's requirements. T.C.A. §68-121-106(5).

The evidence in this case established that the escalator had been inspected every six months by a state licensed inspector as required by the Code, and that defendant had never been notified of any problems or violations. The evidence further showed that the escalator was inspected and maintained on a monthly basis by a private contractor, at significant expense to defendant. The private inspector testified that this escalator was kept in good working order, and plaintiffs presented no evidence to contradict defendant's proof that the conditions required by T.C.A. §68-121-109 had been met.

The plaintiffs rely on *Teal v. E.I. DuPont De Nemours and Co.*, 728 F.2d 799 (6th Cir. 1984), wherein the Sixth Circuit held that it was reversible error for the district court not to have instructed the jury on negligence per se. In the *Teal* case, however, there

was proof in the record that the OSHA regulation at issue had actually been violated. *Id.* at 803. In this case, there is no proof of a statutory violation.

In *Sampley v. Aulabaugh*, 589 S.W.2d 666 (Tenn. App. 1979), plaintiff was injured when the crane he was standing on was struck by a van, and the Trial Court charged the jury regarding the violation of a statute defining reckless driving, and told the jury that if they found that the defendant driver was operating his vehicle in violation of the statute, that would be negligence per se, and defendant would be liable. *Id.* at 669. This Court held that there was no proof in the record to warrant such a charge, because the proof had shown the defendant "was operating his vehicle in a careful, prudent manner at a speed of five to eighteen miles per hour at the time of the accident." *Id.* The Court said the jury charge was error. *Id.* at 670.

In *Carney v. Coca-Cola Bottling Works of Tullahoma*, 856 S.W.2d 147 (Tenn. App. 1993), plaintiffs had sued for injuries sustained when they tried to pass the defendant's parked truck and had an accident. Plaintiffs had alleged that the defendant driver had parked the truck in violation of a statute codified at T.C.A. §55-8-158, which deals with parking vehicles on a highway outside of a business or residential district. In reversing the Trial Judge's negligence per se charge, this Court said there was no proof in the record that the vehicle was on a highway outside a business district, but rather, the proof showed the truck was parked in front of a factory in an industrial district.

The foregoing cases are instructive to demonstrate the impropriety of charging negligence per se, when there is no evidence to support that theory of the case.

Finally, plaintiffs rely on *Vann v. Howell*, No. 02A01-9808-CV-00246 (Tenn. App. June 30, 1999), where we reversed a grant of summary judgment to the owner of a building where the plaintiff was injured as a result of the condition of the building's elevator. This Court held the owners and operators of elevators to a higher standard of care, akin to that of common carriers, and said "they must use and exercise the highest degree of

care and precaution." *Id.*, citing *Southern Bldg. & Loan Ass'n. v. Lawson*, 37 S.W.2d 86, 87, 97 Tenn. 367 (1896). *Vann* dealt with elevators and not escalators, but assuming *arguendo* that the same degree of care obtains, we reach the same result because plaintiffs offered no proof at trial that defendant had violated the statute. Moreover a common carrier is not an insurer of a passenger's safety. *Southeastern Aviation, Inc. v. Hurd*, 355 S.W.2d 436 (Tenn. 1962).

The evidence in this case does not establish a basis requiring the Trial Judge to instruct the jury as requested by plaintiffs. We affirm the judgment of the Trial Court and remand with cost of the appeal assessed to the appellants.


_____
Herschel P. Franks, J.


CONCUR:



_____
Houston M. Goddard, P.J.



_____
D. Michael Swiney, J.